**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 24-3290

_____

OCTAVIA POTEAT,

Appellant

v.

CP DEVELOPMENT,
doing business as
REGENT SQUARE RENTALS;
JAMES POLINSKY

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2:24-cv-00482)
District Judge: Honorable William S. Stickman, IV

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
November 12, 2025

_____

Before: SHWARTZ, MATEY, and MONTGOMERY-REEVES, *Circuit Judges*.

(Filed: January 13, 2026)

_____

OPINION*

_____

---

*This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

MATEY, *Circuit Judge*.

Octavia Poteat sued her former employer and its manager for alleged racial discrimination, asserting hostile work environment and retaliation claims under 42 U.S.C. § 1981. The District Court dismissed Poteat's claims with prejudice and, seeing no error, we will affirm.

I.

In April 2023, CP Development hired Octavia Poteat, an African American woman, as a Property Manager for an apartment complex in Pittsburgh. James Polinsky was CP Development's General Manager.

Poteat claims that, shortly after she was hired, co-worker Barbara Jacobs made the "following racially charged and discriminatory comments" on several different occasions in Poteat's presence: 1) "that Hispanics [are] rude"; 2) "that African Americans, in her opinion, were more likely to fraudulently fill out apartment application documents"; 3) regarding immigration, "I don't know where they're coming from, but they're all coming over. You know, those Indians or Arabs, whatever they are"; 4) that Mexican women are "fiery" and that "Mexicans are taking over our jobs"; 5) about an African-American coworker, "look at Denzel, isn't he one of those beautiful black men?"; and 6) "on one occasion where the employees were watching a true crime documentary about missing people of color, possible murder victims[:]'that would never happen in my neighborhood'." App. 32, 50–51.

Poteat claims that she complained to Polinsky about Jacobs' comments multiple times, and that he promised to "handle the situation." App. 52. But on September 28,

2023, Poteat's difficulties with Jacobs escalated when, during a morning meeting at which Polinsky was also present, Jacobs yelled at Poteat to "just do what they tell you. If they are telling you to do something, it is for a reason." App. 53. Poteat alleges that Polinsky failed to intervene until she "began to speak up for herself," telling her and Jacobs "that they were both in the wrong." App. 53. Even though Poteat asked Polinsky to connect her with Human Resources after the incident, he failed to do so.

The day after this altercation, Poteat received a final notice for poor performance, although she alleged it was her first notice. Soon after, she was terminated, days before she would have received a $1,000 signing bonus. Poteat claims that this reason was pretextual and that Polinsky terminated her in retaliation for reporting "racial discrimination and a racially hostile work environment." App. 54.

Poteat then sued CP Development and Polinsky, asserting a hostile work environment claim (Count I) and a retaliation claim (Count II), both under 42 U.S.C. § 1981.[1] She later filed an amended complaint, asserting the same two claims. Defendants moved to dismiss her amended complaint, to which Poteat filed a substantive opposition. While the motion to dismiss was pending, Poteat filed a motion for leave to file a second amended complaint to add Title VII hostile work environment and retaliation claims

---

[1] Section 1981 protects the right of "[a]ll persons within the jurisdiction of the United States . . . to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens." 42 U.S.C. § 1981(a).

against CP Development. The District Court granted Defendants' motion to dismiss with prejudice, simultaneously denying Poteat's motion to file a second amended complaint.[2]

II.

We will affirm the District Court in full. The District Court properly dismissed Poteat's hostile work environment claim. Our decisions allow a plaintiff to bring a Section 1981 claim if she suffered a "hostile work environment on the basis of race," reasoning that such an environment can "amount to a change in the terms and conditions of employment." *Castleberry v. STI Grp.*, 863 F.3d 259, 263–64 (3d Cir. 2017) (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998)). But to make out that claim, a plaintiff must show: 1) "intentional discrimination because of [the plaintiff's] race" that 2) was "severe or pervasive" and that both 3) "detrimentally affected the plaintiff" and 4) "would detrimentally affect a reasonable person in like circumstances," as well as 5) "the

---

[2] The District Court had jurisdiction under 28 U.S.C. § 1331, and we have jurisdiction under 28 U.S.C. § 1291. We review the grant of a motion to dismiss de novo. *Wheeler v. Hampton Twp.*, 399 F.3d 238, 242 (3d Cir. 2005). Dismissal is appropriate when the complaint's "factual matter, accepted as true," fails "to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When reviewing a dismissal at the pleading stage, we "accept all factual allegations in the complaint as true and view them in the light most favorable to the plaintiff." *Doe v. Princeton Univ.*, 30 F.4th 335, 340 (3d Cir. 2022) (quoting *Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008)). But we "disregard legal conclusions and recitals of the elements of a cause of action supported by mere conclusory statements." *Davis v. Wells Fargo*, 824 F.3d 333, 341 (3d Cir. 2016).

4

existence of *respondeat superior* liability." *Id.* at 263 (quoting *Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 167 (3d Cir. 2013)).

Poteat's allegations fail to clear this high bar. Jacobs' tone-deaf comments are not by themselves severe or pervasive enough to create a racially-prejudiced hostile work environment for Poteat. As we have explained, "offhanded comments, and isolated incidents (unless extremely serious)," *Caver v. City of Trenton*, 420 F.3d 243, 263 (3d Cir. 2005) (quoting *Faragher*, 524 U.S. at 788), especially when not directed at a particular plaintiff, "should not be considered severe or pervasive enough to constitute a hostile work environment," *id.* at 263. Since Poteat has alleged no other racially discriminatory conduct—either by Jacobs, Polinsky, or others at CP Development—her hostile work environment claim fails.[3]

The District Court properly denied Poteat's request to file a second amended complaint as futile.[4] As the Court noted, Poteat's proposed Title VII claims mirrored the defective Section 1981 claims it dismissed. Since Poteat's Title VII claims would have been dismissed for the same reasons, dismissal was not an abuse of discretion. *See Castleberry*, 863 F.3d at 263 ("In employment discrimination cases, [Section 1981] claims are subject to the same analysis as discrimination claims under Title VII.").

---

[3] We also conclude that the retaliation claim was properly dismissed because the complaint fails to allege facts, taken as true, to show either discrimination or that Poteat engaged in protected activity. *See Est. of Oliva ex rel. McHugh v. New Jersey*, 604 F.3d 788, 797–98 (3d Cir. 2010).

[4] We review the District Court's denial of leave to amend the complaint for an abuse of discretion. *Singletary v. Pa. Dep't of Corr.*, 266 F.3d 186, 193 (3d Cir. 2001). We review de novo its determination that amendment would be futile. *United States ex rel. Schumann v. Astrazeneca Pharms. L.P.*, 769 F.3d 837, 849 (3d Cir. 2014).

\* \* \*

For the foregoing reasons, we will affirm the District Court's judgment.